THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS GONZÁLEZ FANTAUZZI ET AL., Defendants and Appellants.

No. 5501.  Argued January 16, 1935.—Decided July 5, 1935.

*Dubón & Ochoteco* for appellants.  *R. A. Gómez, Prosecuting Attorney*, and *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On a charge of conspiracy, originating in a municipal court, two defendants were declared guilty and this is the appeal of one of them, namely, Luis González Fantauzzi. We are concerned only with the sufficiency of the complaint, as although there was a trial none of the facts have been incorporated. Essentially the charge was that the defendants conspired to defraud Rodolfo Mangual and with this end in view the defendants made Rodolfo Mangual believe that they possessed certain liquids and substances with which bills of the Government of the United States, so close to the

true and genuine ones, could be produced, as to make it impossible to detect their falsity, the said defendants, knowing that the said representations were false and fraudulent and were made with the intent of defrauding the said Rodolfo Mangual, and by virtue of said deceit they induced the said Rodolfo Mangual to deliver to the defendants a check in the sum of $266.00, which was cashed in the National City Bank.

When the complaint set up that the defendants had certain liquids and substances with which to make bills, etc., this was a sufficient averment that the fraud consisted in the possession of and offer to deliver to Mangual said liquids and substances whereby he was defrauded. The plain inference was that the defendants could or did not do as promised. No greater specification was necessary and none was asked. It was not necessary to express the form in which the offer was made. The complaint contained statements of facts and not conclusions of law and the cited jurisprudence as to particularity and conclusions of law has no bearing. If the substances and liquids were not turned over to Mangual so much the worse. The important matter was that the defendants induced Mangual to act to his supposed detriment by the representations made.

This is a case on the facts totally different from *People v. Sierra,* 26 P.R.R. 298. The defendants presently offered certain liquids and substances. It was not a promise for the future. Any doubt on this point could be cured by the "verdict" or judgment. Moreover this is not a simple prosecution for obtaining money under false pretenses but a conspiracy that might be to obtain something under false pretenses, but might be other matters put forth in paragraph 4 of section 62 of the Penal Code, as follows:

"If two or more persons conspire:

"*       *       *       *       *       *       *

"4.—To cheat and defraud any person of any property by any means which are in themselves criminal, or to obtain money or property by false pretenses."

We do not find and can not hold that the offer made was so absurd that no reasonable man should have believed it. Counterfeiting has been done with fair success throughout the world and men may readily believe, although the act is criminal, that they will be put into position to produce false bills.

It was sufficiently alleged that defendants obtained something of value from Mangual and were benefited thereby.

That a person is *particeps criminis* affords no excuse to appellant in a criminal action. *People* v. *Medina,* 19 P.R.R. 676; *People* v. *Aquino,* 27 P.R.R. 490.

The judgment appealed from will be affirmed.